# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY



FILED
MAY 27 2025
AT 8:30 ___ M
CLERK, U.S. DISTRICT COURT - DNJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. J. Brendan Day |
| | : | |
| v. | : | 25-mj-5033 (JBD) |
| | : | |
| TEODORO CRUZ MENDOZA | : | **CRIMINAL COMPLAINT** |

I, Ellen Chao, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

/s/ Ellen Chao
Ellen Chao
Deportation Officer
United States Department of
Homeland Security, Immigration
and Customs Enforcement

Attested to me by telephone, pursuant to FRCP 4.1(b)(2)(A),

5/27/2025
Date

Honorable J. Brendan Day
United States Magistrate Judge
Name & Title of Judicial Officer

District of New Jersey

[signature]

Signature of Judicial Officer

## ATTACHMENT A
(Illegal Reentry to the United States)

On or after May 4, 2012, and on or before April 29, 2025, in Mercer County, in the District of New Jersey, and elsewhere, the defendant,

**TEODORO CRUZ MENDOZA**,

an alien who had been deported and removed and had departed the United States while an order of deportation and removal was outstanding, without the express consent of the Secretary of Homeland Security or the Attorney General of the United States to reapply for admission prior to his reembarkation at a place outside the United States, did knowingly and voluntarily enter and, on or about April 29, 2025, was found in the United States.

In violation of Title 8, United States Code, Section 1326(a).

## **ATTACHMENT B**

I, Ellen Chao, am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Because this Affidavit is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. At all times relevant to this Complaint, defendant TEODORO CRUZ MENDOZA ("CRUZ MENDOZA"), was an alien and a citizen and national of Mexico, and not a citizen of the United States.

2. On or about April 24, 2012, CRUZ MENDOZA illegally entered the United States at or near Sasabe, Arizona.

3. On or about April 26, 2012, CRUZ MENDOZA was arrested in Arizona by the United States Border Patrol.

4. On or about April 28, 2012, CRUZ MENDOZA was determined to be an inadmissible alien, and the United States Border Patrol issued a Notice and Order of Expedited Removal ("Order of Removal").

5. On or about May 4, 2012, CRUZ MENDOZA was removed from the United States to Mexico pursuant to the Order of Removal. CRUZ MENDOZA had remained in continuous custody between his arrest on April 26, 2012, and his removal on May 4, 2012.

6. Thereafter, CRUZ MENDOZA reentered the United States without permission on an unknown date at an unknown location.

7. On or about April 29, 2025, CRUZ MENDOZA was arrested by federal law enforcement officers in Mercer County, New Jersey and his removal order was reinstated.

8. Officers of the Department of Homeland Security, Homeland Security Investigations Forensic Laboratory conducted an analysis of fingerprints taken from CRUZ MENDOZA at his arrest on or about April 26, 2012 in Arizona and his arrest on or about April 29, 2025 in New Jersey, and confirmed that CRUZ MENDOZA was the same individual who produced both sets of fingerprints.

9. Neither the Secretary of Homeland Security nor the Attorney General of the United States expressly consented to CRUZ MENDOZA reapplying for admission to the United States prior to his reembarkation at a place outside the United States or his entry into the United States.